WILLIAM DOUHERTY *et al.*, plaintiffs in error, *vs.* SEABORN JONES *et al.*, defendants in error.

1. While a Judge of the Superior Court may, either in term or vacation, upon application by either of the parties litigant, appoint an auditor, still the assent of the parties is necessary to a reference of the matters in dispute to such auditor, as also the appointment of the particular person as auditor.    An auditor so appointed, upon reasonable notice to the parties of when and where he will sit to hear the evidence of the parties and investigate their accounts, may proceed and report the result of his scrutiny to the Court.    When the Judge below appointed an auditor, when one party objected to the appointment and to the person appointed, he erred.

2. General observations as to the appointment of masters in chancery, their duties, etc.

3. A motion to remove a receiver was properly refused, when he had had no reasonable notice, in writing, of such motion. He was entitled to such notice, in writing, specifically setting forth the grounds for the motion.

Equity.    Appointment of auditor, etc.    By Judge WOR-RILL.    Muscogee Superior Court.    November Term, 1866.

On the 24th of August, 1846, Daniel McDougald conveyed to Seaborn Jones and Robert B. Alexander a large number of city lots in Columbus, Georgia, and various other lots of land elsewhere, and divers stocks and choses in action, in trust: first, to sell said property and collect said assets, and to pay themselves and such attorneys or solicitors as they might need in carrying out the trust; second, to pay off all debts or claims against him, upon condition that the holders should, within six months, give him a full release; and lastly, the *residuum* was to go equally to such creditors as would not give such releases.    All his endorsers or securities, by paying the debts for which they were such and filing

releases, could come into said second class.    If, after paying all, anything remained, it was to be repaid to McDougald.

The trustees accepted the trust, and Alexander died.  They had never taken the property into possession, but McDougald kept it and received its rents and profits till his death, and now his heirs have it.  William Dougherty, in behalf of himself and other creditors, filed a bill against Seaborn Jones, Mrs. McDougald, etc., praying that all of said property should be put into possession of a receiver.  A receiver was appointed and took the property into possession. He afterwards married Mrs. McDougald and administered on the estate of McDougald.

Under an order of the Court, he reported to the Court the status of the property in his hands, reporting both as receiver and as administrator.  The Court ordered that he should hold all of the property covered by the deed, in his capacity as receiver.

Thereupon, at November Term, 1866, Barnard Hill presented an execution in his favor, against the administrator of McDougald, and Mrs. McDougald's execution against the estate which was in lieu of dower, (and an execution in favor of the Central Bank transferred to Duncan McDougald, which execution was obtained in the lifetime of Daniel McDougald, were also presented,) with a petition that they be paid by said receiver out of the funds in his hands as such.

To this Dougherty, for himself and the other creditors, objected.

Said movants then prayed the Court to order the receiver to sell all of the property in his hands, to which there was no conflicting claims, and bring the money into Court, and also to appoint an auditor to audit all the claims against the estate of Daniel McDougald, and report thereon.  To this Dougherty, for himself and said other creditors, objected upon the ground that a number of causes were pending in equity and at law in that Court against said estate, in favor of various parties, some of whom were dead and unrepresented, which causes involved large amounts.

The Court overruled the objections and granted the orders as prayed for.

Then Dougherty showed that Billings, the receiver, had married Mrs. McDougald, who was trying to get the funds applied to the payment of her debts, and that he was also McDougald's administrator, and because said interests and trusts were conflicting, he prayed that Billings' appointment be vacated and that another receiver be appointed. This motion the Court refused to grant.

Thereupon Dougherty sued out his writ of error, complaining at the order for sale and the appointment of the auditor, and at the refusal of the Court to appoint another receiver in lieu of Billings.

(The argument of this case was stopped by the Court calling attention to Vanduzer, administrator, vs. McMillan, decided at this Term.)

WILLIAM DOUGHERTY, for plaintiffs in error.

B. HILL, PEABODY & BRANNER, for defendants in error.

HARRIS, J.

Barnard Hill, Esq., one of the attorneys at law of the administrator of the estate of Daniel McDougald, deceased, with other creditors of the estate, all of whose claims accrued since the death of intestate, by petition to the Superior Court presented their demands, and prayed ·that the Court would order them to be paid out of the funds in the hands of the receiver, who had collected in the assets of McDougald, which, by a deed made by· him, had long previously to this application been assigned for the benefit of his then existing creditors.

The plaintiffs in error in behalf of themselves and other creditors named in the deed of assignment, alleging the insufficiency of the funds in the hands of the receiver to pay their claims, resisted this application, as also that for the appointment by the Court of an auditor to whom the petition should be referred, with directions to report thereon. Against their

objections to the appointment of an auditor, and without their assent to the person named, the Judge appointed an auditor, and to him referred the claims of the creditors under the deed of assignment, as also of the creditors petitioning as stated.

1. During the present term of this Court the case of Wm. T. Vanduzer, administrator of Ira Christian, vs. Robert McMillan, from Elbert county, involving the identical question again presented, was fully considered and determined.  I mean the question of the authority of the Court to appoint, of his own discretion and of his own will, an auditor.  In that case this Court held that whilst the Judge of the Superior Court, either in term or vacation, upon the application of either of the parties litigant, might appoint an auditor, still the assent of the reference of the matters in controversy to an auditor, as also to the person appointed, was necessary, that such auditor *so appointed* might proceed upon reasonable notice to the parties of the time and place, when and where he would sit, to hear the evidence of the parties, investigate their accounts, and report the result of his scrutiny to the Court.

The decision in the case referred to must control our judgment here.  We therefore rule that the Judge below erred in appointing, as he did, an auditor against the objections of the plaintiffs in error, and without their consent to the person so appointed.

2. By section 4143, Irwin's Code, the Judge of the Superior Court, (who by our peculiar system is both a common-law Judge and a Chancellor,) may appoint a master in chancery for his circuit.  This should be by an order of Court, entered on its minutes, and the master so appointed should be sworn to discharge with fidelity the duties of his office ; and if monies should be placed in his hands until the final decree of the Court, bond and security may be required of such officer.  In thus indicating what should be done in the appointment of this officer, we would not be understood as deciding that our Code has thus prescribed ; we simply point out the course of procedure which obtains elsewhere, and

Dougherty, *et al.*, *vs.* Jones, *et al.*

especially of the Courts from which we have derived our chancery practice.

To a master in chancery, appointed under this section, the Court *may refer without the consent of parties* such matters of account as are complicated in their nature, as also questions arising from the matters of fact investigated. Before this officer of the Circuit parties and witnesses may be called, on reasonable notice to them, to attend him at the place of holding our Superior Court in the county in which the litigation is pending, and then and there may contest each others claims. When an investigation shall have been made, the master in chancery should make a report in writing upon the matters submitted or involved, and it should be by him filed in the office of the clerk of the Superior Court a sufficient length of time, to be judged of by the Court, before the next ensuing term of Court, so as to enable either of the parties to make their exceptions in writing specifically to any part of such report, that they may be finally disposed of during the term next succeeding the filing of the master's report. We do not design to impose the views expressed as formulas to be rigidly observed in the Superior Courts, and by those acting in subordination to them, but simply as general rules which should be conformed to, unless it should be made to appear that injustice or great inconvenience would result from such conformity.

3. The bill of exceptions presents as another ground of error, the refusal of the Court below to dismiss the receiver appointed under the assignment of McDougald, upon motion. The plaintiffs in error had given no notice whatever to the receiver of such intended motion. We think the Judge did not err in refusing to hear a motion thus made. The receiver should have had reasonable notice in writing of such intended motion, and the grounds upon which his removal is sought specifically set out in such written notice.

The judgment of the Court is reversed on the first ground.